Mr. Haskett, for libellants.
Brown, Hall & Vanderpoel, for claimants.

## Case No. 2,007.

BROWN v. GILLES.

[3 Cranch, C. C. 363.][1]

Circuit Court, District of Columbia. Dec. Term, 1828.

JUDGMENT—SCIRE FACIAS—AMENDMENT.

[At law. Brown, administrator of Smith, v. George Gilles. Motion to amend judgment and scire facias denied.]

BROWN (GILMAN v.). See Case No. 5,441.
BROWN v. GOULD. See Case No. 1,862.
BROWN (GREATRAKE v.). See Case No. 5,743.
BROWN (GUPPY v.). See Case No. 5,871.

## Case No. 2,008.

BROWN v. HALL et al.

[6 Blatchf. 401; 3 Fish. Pat. Cas. 531; Merw. Pat. Inv. 322.][2]

Circuit Court, S. D. New York. April 10, 1869.

PATENTS—NOVELTY—PRIOR USE FOR OTHER PURPOSES—PLEADING—ANSWER—NAME AND DATE OF PRIOR USER—OMISSION—WAIVER—OBJECTION TO TESTIMONY.

1. Where a patent for an 'improvement in paint-cans' claimed "the employment of a strengthening wire within the bead, as and for the purpose herein shown and described," and the specification stated the point of the invention to be, placing a wire within a bead near the top edge of the body of the can, close under where the cover, when on, would come to, in order to strengthen the sides of the can, and prevent them from collapsing, by the great weight of the paint, when the can should be held by a bail: Held, that if a can, so constructed, was old, as a structure, it was of no

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission. Merw. Pat. Inv. 322, contains only a partial report.]

consequence what it was designed to contain, provided it employed, within a bead located in substantially the same place, a wire, to strengthen the can against side pressure, and prevent its walls from collapsing by such side pressure.

2. An ice-cream freezer, if so constructed, was an answer to the patent, on the ground of novelty, although it had no bail by which it could be held up or carried.

3. An answer, in a suit in equity, on a patent, ought, in order to raise the defence of a want of novelty in the patent, to specify the time, place, and person, when, where, and by whom, the prior invention was made or known, with sufficient particularity to enable the plaintiff to know what he has to meet.

4. Where the answer does not contain such specification, but only avers general want of novelty, and prior use and sale generally, and the defendant takes testimony before the examiner, to prove such want of novelty, without any objection being at the time interposed by the plaintiff, on the ground that the testimony is directed to a defence not raised by the answer, the plaintiff must be regarded as waiving such objection, and it is too late for him to raise it at the hearing of the cause.

[Cited in Roemer v. Simon, Case No. 11,997; Woodbury Patent Planing Mach. Co. v. Keith, Id. 17,970.]

5. An objection to testimony made on the taking of it before an examiner, must state the ground of the objection, or it is not a legal or valid objection. In this case, the defendant was allowed to move to amend his answer, without costs, after the hearing, and before the decree, so as to set up the particulars of defence, on the ground of the want of novelty, disclosed in his proofs.

[In equity. Bill by Peter Brown to restrain George C. Hall and others from infringing letters patent.]

This was a final hearing, on pleadings and proofs, of a suit in equity, founded on letters patent [No. 26,248] issued to the plaintiff, November 29th, 1859, for an "improvement in paint-cans." The specification stated, that the invention was "a new and improved [paint] [2] can;" and that the body of the can was constructed with a semi-circular projection, or bead, near to its top edge, which served to strengthen the can against any side pressure, and which was at such a distance from the top edge of the body of the can, that the cover, when the same was on, came down close to the upper side of this projection or bead. The specification added: "Within the bead a wire is placed, which gives strength to the sides of the can, preventing them from collapsing. The tin cans usually employed, are liable to collapse when held by a bail, owing to the great weight of the paint; but, by the use of the wire within the bead, the walls of the can are strengthened, so that they cannot collapse. No paint-can thus made, nor any other covered vessel, has ever been made, having a wire secured within a bead near and below the mouth, as shown by me, as far as I am aware." The claim of the patent [in question in this suit] [2] was as follows: "The employment of a strengthening wire within the bead, as, and for the purpose herein

shown and described." [Defendants allowed to amend the answer, the bill to be dismissed after such amendment.]

Stephen D. Law, for plaintiff.

Henry E. Tremain and James A. Seaman, for defendants.

BLATCHFORD, District Judge. The point of the invention in this case, as disclosed by the specification, is, placing a wire within a bead, or semi-circular projection, near the top edge of the body of the can, and at such a distance from such top edge, that the cover, when the same is on, comes down close to the upper side of the bead. The object of the wire in the bead is to strengthen the sides of the can, and prevent them from collapsing by the side pressure of weighty contents. The liability of a can of paint to collapse, when held by a bail, is pointed out; and the cause assigned is, the great weight of the paint. The specification states, that the invention is claimed "as new in the construction of paint-cans," and the patent is granted for an "improvement in paint-cans." But the specification states, that no covered vessel, so far as the patentee is aware, has ever been made, having a wire secured within a bead, near and below the mouth, as shown by him. If a can, so constructed, be old as a structure, it is of no consequence what substance was, or was intended to be, carried or contained within it, provided it employed, within a bead located substantially in the same place, a wire to strengthen the can against side pressure [from its contents], [3] and prevent its walls from collapsing by such side pressure.

The evidence of James A. Price, a witness for the defendants, a tinsmith, residing in Brooklyn, New York, fifty years of age, and who has worked in the tin business for thirty-seven years, shows, that, from the year 1835 to the year 1840, at number 111 Greenwich street, in the city of New York, he made vessels for freezing ice cream, the vessel being about thirteen or fourteen inches long, and from five to eight inches in diameter, and having an exterior bead from three-quarters of an inch to an inch and three-quarters from the top, and a wire inside of the bead, to strengthen or stiffen the vessel, the cover going down, on the outside, to the bead. This ice-cream freezer had no bail or handle, by which it could be held up or carried. It had a handle on the top of the cover, by which to revolve it in a freezing composition. The plaintiff's paint-can is described in his specification, and shown in the drawings of his patent, as provided with a handle, by which it can be lifted or carried. From twenty-five to fifty of the ice-cream freezers in question were made. They were publicly sold. The wire was tinned, and then covered with solder in the bead, as nearly as could be, so as to make a smooth

_____

[2] [From 3 Fish. Pat. Cas. 531.]

[3] [From 3 Fish. Pat. Cas. 531.]

interior surface, and prevent the rusting of the wire. It is quite apparent, that, as a structure, having a wire within the bead, to give strength, and prevent the collapsing of the walls of the vessel from side pressure, the patented can and the ice-cream freezer are alike. This is irrespective of any handle or bail. The claim of the patent does not embrace a handle or bail. It claims only the employment of a strengthening wire within the bead, for the purpose described. That purpose is to strengthen the can against side pressure, and prevent its walls from collapsing by side pressure. The side pressure, from the contents within the vessel, existed in the ice cream freezer, and the effect of the wire therein was to strengthen the vessel, and prevent its walls from collapsing. Whether the force of the side pressure be exerted by lifting the vessel by a handle, and suffering the weight of its contents to exert the side pressure, or by pressing down on its cover, as would happen when the ice-cream freezer was revolved in the freezing composition, makes no difference. In the paint-can, when lifted, the pressure on its sides would be outward, from within; while, in the ice-cream freezer, when revolved in the freezing composition, which was the way of using it, as stated by Price, the pressure would probably be that of the freezing composition exerted inwardly, from without. But this makes no difference. Whether an amendment of the claim, to introduce the handle or bail as an element in the combination, would distinguish the can from the ice-cream freezer, is a point not necessary or proper now to be determined. The only point I now decide is, that, in claiming the employment of a strengthening wire within the bead, for the purpose described in his patent, the patentee was anticipated by the ice-cream freezer, and that the claim is void for want of novelty.

The plaintiff insists, however, that the defendants cannot avail themselves of this defence, for the reason that the answer only sets up that the invention was not new with the plaintiff, and had, long before the date of his patent, been in public use, and on sale, without the plaintiff's consent or allowance, and that the plaintiff was not the true, original, or first inventor of it, and that the mode of making cans, described in his specification, was, in all substantial respects, well known, and frequently and publicly used, in the manufacture of cans for the holding of paint, and for other purposes. The answer states no place where, or time when, or person by whom, the prior invention was made or known. Under the decisions in O'Reilly v. Morse, 15 How. [56 U. S.] 62, 110, and Pitts v. Edmonds [Case No. 11,191], I think that such substantial matter of defence as that relied on in this case, ought to be set up in the answer, if it is to avail the defendant, with sufficient particularity to enable the plaintiff to know what it is he has to meet. But the ground on which the doctrine of those cases is put is, that the patentee must not be allowed to be surprised, and must have notice of what he is required to meet. In the present case, the objection in question was not taken by the plaintiff, until the hearing before the court on the proofs. The defendants examined, before the examiner, five witnesses on the question of novelty, including the witness Price, and the plaintiff interposed no objection on the ground that the testimony was directed to defences not raised by the answer. Every objection which could be taken, and which does not appear, by the record of the testimony, to have been specifically taken, must be considered as having been waived. An objection to testimony which does not state the ground of the objection, is not a legal or valid objection. The presumption is, that if the plaintiff had caused it to be stated on the record, by the examiner, that he objected to the evidence on the subject of novelty, because the answer specified no time, place, or person, in respect to the prior invention, the defendants would have taken steps to amend their answer. On these grounds, they will now be allowed to do so, without costs, setting up the particulars of defence, on the ground of want of novelty, disclosed in the proofs. A motion, on notice, must be made, setting out the specific amendments desired. When the answer shall have been thus amended, the bill will be dismissed, with costs.